UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EVERARDO GARCIA DUARTE,

        Petitioner,

    v.

JOSIAS SALAZAR, Warden,
FCI Sheridan,

        Respondent.
_____

Case No. 3:20-cv-00801-MC

OPINION AND ORDER

MCSHANE, District Judge.

Petitioner files this action pursuant to 28 U.S.C. § 2241 and challenges his 12-year sentence for a controlled substance offense. Petitioner argues that he is actually innocent of two predicate convictions that increased his criminal history category and allegedly subjected him to a lengthier prison term. Petitioner seeks resentencing and presumably an earlier release. Petitioner fails to show he is entitled to habeas relief, and the Petition is DENIED.

DISCUSSION

In October 2014, petitioner pled guilty to Possession with Intent to Distribute Methamphetamine, an offense with a statutory maximum sentence of twenty years and no

mandatory minimum sentence. Resp't Ex. 1 ¶¶ 1-2. In exchange for his plea, the government agreed to dismiss the remaining counts against him, including counts with mandatory minimum sentences, and stipulate to a sentence of twelve years. *Id.* Ex. 1 ¶¶ 3a, 4. Petitioner waived the right to file any collateral challenges to his conviction or sentence, including a challenge brought under 28 U.S.C. § 2241. *Id.* Ex. 1 ¶ 6a. The court accepted the plea agreement and sentenced petitioner according to its terms.

Petitioner now seeks resentencing on grounds that his criminal history category was based on two prior convictions that have since been vacated and/or expunged by the relevant state courts. Petitioner argues that he is "actually innocent" of those offenses and his criminal history category should be adjusted accordingly, and he should be resentenced due to his lower criminal history category.

Respondent maintains that petitioner is not entitled to habeas relief for three reasons. First, respondent argues that petitioner is bound by his agreement to waive collateral challenges to his sentence. Second, respondent contends that petitioner's claim is properly raised in a motion to correct sentence under 28 U.S.C. § 2255 rather than § 2241. Finally, respondent explains that, even with a criminal history category of I, the adjusted base level for petitioner's offense supported a sentencing range of 210-262 months, and petitioner received a sentence of 144 months. Resp't Ex. 2; U.S.S.G. Sentencing Table.

Petitioner did not file a supporting brief or otherwise respond to respondent's arguments, and I find them well taken. Petitioner agreed to waive all collateral challenges to his sentence, and he does not contend that his agreement to do so was unknowing or involuntary.

Further, petitioner fails to show he is eligible to seek relief under § 2241. Generally, a federal prisoner who seeks to challenge the legality of his sentence must file a motion under 28

U.S.C. § 2255 rather than § 2241. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Petitioner seeks review under the "escape hatch" exception, because he claims the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.;* 28 U.S.C. § 2255(e). Under this exception, petitioner must make a claim of "actual innocence" and show that he has not had "'an unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d. at 898 (citation omitted). Petitioner had one-year from the time his sentences were expunged or vacated to bring a § 2255 motion, and petitioner apparently made no attempt to seek relief under § 2255. *See Johnson v. United States*, 544 U.S. 295, 308-09 (2005).

Moreover, as respondent points out, petitioner's prior offenses had no impact on his sentence. Petitioner's 144-month sentence was well below the recommended guidelines range of 210-262 months that coincided with the lowest criminal history category.

In sum, petitioner fails to show entitlement to habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED and this action is DISMISSED.

DATED this 5th day of May, 2021.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

3 - OPINION AND ORDER